**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia M. Vroom,<br><br>              Plaintiff,<br><br>v.<br><br>Jeh Johnson,<br><br>              Defendant. | No. CV-14-02463-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss (Doc. 23) and Plaintiff's Motion for Leave of Court to File 2.5 Page Surreply (Doc. 33). The Court now rules on the motions.

**I.     Motion to Dismiss**

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff failed to exhaust her administrative remedies before filing suit; Plaintiff did not suffer an adverse employment action; Plaintiff fails to plausibly allege that she was subject to harassment as a member of a protected class, causing an adverse employment action; and Plaintiff fails to allege that she suffered a material adverse action as a result of her protected activity. (Doc. 23 at 5).

**A.     Background**

Plaintiff has filed a sixty-seven page Complaint, which the Court only briefly summarizes here. Plaintiff is a fifty-nine year-old woman who has been employed for the

past twenty-six years as an attorney with U.S. Immigrations and Customs Enforcement ("ICE") or its predecessor agency, the U.S. Immigration & Naturalization Service ("INS"). She currently serves as a Chief Counsel within ICE. Plaintiff received numerous awards and favorable performance reviews, including in 2011 receiving the highest performance rating (4.94 out of 5.0) of any of the twenty-six attorneys in comparable positions within ICE. Plaintiff alleges that ICE Principal Legal Advisor Peter Vincent ("Vincent") orchestrated a scheme to target and replace senior counsel, such as Plaintiff, with handpicked successors who would be more malleable to Vincent's demands. Plaintiff began to be the subject of bullying and harassment by Vincent's associates. Plaintiff received continually shifting instructions on how to process certain immigration cases, and then was criticized for asking for clarification. Plaintiff also received relatively low performance ratings without adequate justification, was told she was difficult to work with and could not adapt to change, and was forced to dismiss certain types of immigration cases to meet her superiors' agenda. Plaintiff also was criticized for certain actions for which other male attorneys received praise. Despite these workplace difficulties, ultimately Plaintiff's performance ratings returned to a high level following Vincent's resignation and Plaintiff's notification of her impending litigation.

Plaintiff alleges three claims in her Complaint. First, she alleges Defendant retaliated against her because of her complaints about Defendant's discrimination on the basis of sex and age and because of her complaints about a hostile work environment, in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). (Doc. 1 ¶¶ 143-47). Second, she alleges Defendant discriminated against her on the basis of age both through specific acts and through the creation of a hostile work environment, in violation of the ADEA. (*Id.* ¶¶ 148-52). Third, she alleges Defendant discriminated against her on the basis of her sex both through specific acts and through the creation of a hostile work environment, in violation of Title VII. (*Id.* ¶¶ 153-57).

B.     **Motion to Dismiss Standard**

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim

upon which relief can be granted if it fails to state a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

But although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Id.* This requires more than merely "a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a complaint for failure to state a claim, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the Court does not have to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

### C. Timely Exhaustion of Administrative Remedies

Defendant first argues that Plaintiff failed to exhaust her available administrative remedies prior to filing this lawsuit with respect to her 2011-2012 performance appraisal. (Doc. 23 at 5). It is true, as Defendant asserts, that a plaintiff is required to exhaust administrative remedies before filing a lawsuit. *See Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003). But Plaintiff's 2011-2012 performance appraisal is not the

basis of her discrimination claims. As Plaintiff points out, this appraisal was merely factual background to her discrimination claims based on later adverse employment actions. (Doc. 29 at 4). A plaintiff is permitted to use "prior acts as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Accordingly, Defendant's argument fails.[1]

### D.  Adverse Employment Actions

Defendant next argues that Plaintiff's performance appraisals were not adverse employment actions because Plaintiff received favorable evaluations and Plaintiff has not pleaded an adverse impact resulting from the appraisals. (Doc. 23 at 8).

#### 1.  Legal Standard

Under a claim for discrimination or retaliation, a plaintiff must show that she experienced an adverse employment action. *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (discrimination); *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994) (retaliation). The Ninth Circuit Court of Appeals ("Court of Appeals") has given a broad definition to the term "adverse employment action." *Fonseca*, 374 F.3d at 847. This definition includes undeserved performance ratings. *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).

Whether an undeserved performance rating constituted an adverse employment action depends upon whether the rating constituted a material change in the compensation, terms, conditions, or privileges of the plaintiff's employment. *See Chuang v. Univ. of Ca. Davis, Bd. of Trustees*, 225 F.3d 1115, 1125-26 (9th Cir. 2000). Courts have found actions adversely affecting future employment opportunities to be adverse employment actions. *See, e.g.*, *Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C. Cir. 2002).

However, an undeserved performance rating that is not disseminated and does not lead to any changes in the terms of the employee's employment is not an adverse employment action. *Kortan v. Ca. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000);

---

[1] Defendant also abandoned this argument in its reply by failing to address Plaintiff's response on this issue.

- 4 -

*see also Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002).

### 2. Analysis

Defendant contends that Plaintiff's 2012-2013 performance rating was not an adverse employment action because her numeric rating was within the "exceeds expectations" category. (Doc. 23 at 8). But Plaintiff alleges that her 2012-2013 performance rating[2] was the lowest rating of any of the 12 attorneys in her position who were rated that year by Field Legal Operations Deputy Director Sarah Hartnett, and among the lowest of all 26 attorneys in her position nationwide. (Doc. 1 ¶ 10). Plaintiff's performance review accused her of inefficient practices, "failure to adapt," pushing back on changes, wasting resources, struggling to grasp initiatives, and struggling to embrace new goals, among other things. (*Id.* ¶ 11).

Plaintiff fails, however, to allege that her performance rating and review were accompanied by any meaningful change in work assignments or that this rating adversely affected her future employment opportunities. Although Plaintiff argues in her response that she intended to apply for an immigration judgeship but was dissuaded when she realized the application required a copy of her most recent performance appraisal, (Doc. 29 at 8), Plaintiff did not allege these facts in her complaint. Undeserved performance ratings, standing alone, are not adverse employment actions. *See Lyons*, 307 F.3d at 1118. Plaintiff alleges that she considered the performance rating to be unfair, biased against her, and unwarranted. (Doc. 1 ¶¶ 93-95). She does not plausibly allege any adverse employment action that has resulted from that rating, and she remains employed as a Chief Counsel at ICE.

Accordingly, Plaintiff has not alleged the occurrence of an adverse employment action. However, because Plaintiff also alleges a hostile work environment as a basis for her claims of age discrimination under the ADEA and for sex discrimination under Title VII, whether these claims survive the motion to dismiss depends upon whether Plaintiff

---

[2] The Court does not address Plaintiff's 2011-2012 performance rating because it has found this rating to be only background information.

- 5 -

has plausibly alleged the existence of a hostile work environment.

E. **Hostile Work Environment**

Defendant contends that Plaintiff has not alleged the existence of a hostile work environment because the alleged conduct was neither severe nor pervasive and was unconnected to her age or gender. (Doc. 23 at 9).

1. **Legal Standard**

A claim for a hostile work environment based on age or sex requires a plaintiff to show: (1) she was subjected to verbal or physical conduct of an age-related or sex-related nature, (2) the conduct was unwelcome, and (3) the conduct was "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *See Vasquez v. City of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003); *Cozzi v. Cnty. of Marin*, 787 F. Supp. 2d 1047, 1069 (N.D. Cal. 2011). A plaintiff must show that her workplace was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that [she] in fact did perceive to be so." *Nichols v. Azteca Restaurant Enters., Inc.*, 256 F.3d 864, 871-72 (9th Cir. 2001) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

Whether a work environment is hostile depends upon "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

2. **Analysis**

Defendant argues that the conduct about which Plaintiff complains was unrelated to her sex or age. (Doc. 23 at 12). Most of Plaintiff's allegations describe an unpleasant, perhaps even toxic, work environment, but do not explicitly reference her sex or age. For example, Plaintiff complains of being chastised for not following directions, criticized for needing extra time to complete an assignment, receiving harsh e-mails, being instructed to handle cases in a legally unjustifiable manner, accused of incompetently performing

her duties, shouted at on the telephone, and accused of "push-back" when she sought clarification of vague guidance. (Doc. 1 ¶¶ 60, 67-69, 78, 83, 90, 95).

However, Plaintiff also alleges that ICE leadership favored male Chief Counsels. Specifically, Plaintiff alleges that she was criticized for having engaged in inefficient practices such as having her lawyers create case summaries, while a male Assistant Chief Counsel received an award for creating case summaries. (*Id.* ¶ 98). Plaintiff has also alleged that Vincent and other ICE leadership have publicly humiliated female Chief Counsels on several occasions, (*id.* ¶ 99, 100), have disfavored women for hiring decisions, (*id.* ¶ 105), and have unduly reprimanded female Chief Counsels, (*id.* ¶ 107). Plaintiff also alleges that one female Chief Counsel had her legal adviser reassigned to a male Chief Counsel as punishment to her. (*Id.* ¶ 106).

With respect to age discrimination, Plaintiff alleges that her performance reviews included phrases such as "failure to adapt," "struggled with embracing new goals and initiatives," "previous inefficient practices," and "struggled to embrace." (*Id.* ¶ 11). She also alleges that on several occasions, Chief Counsels were targeted with criticism until they quit, then replaced with younger substitutes. (*Id.* ¶¶ 24-26).

Plaintiff thus clearly alleges that she suffered verbal conduct of an age-related and sex-related nature. Although Defendant argues that this conduct was merely indicative of the toxic work environment, (Doc. 23 at 13; Doc. 32 at 5), as the Court has outlined, Plaintiff alleges numerous instances of actions that, if true, would constitute age or sex discrimination. With respect to the second prong of the test for a hostile work environment, Defendant does not argue that Plaintiff welcomed this conduct, and it is also clear from the Complaint that Plaintiff did not welcome this conduct. Therefore, this prong is satisfied.

Finally, Plaintiff also alleges that the conduct was sufficiently severe or pervasive such that a reasonable person would find it hostile or offensive and that she thought it to be hostile or offensive. From Plaintiff's descriptions of this conduct, it is clear that Plaintiff found the conduct to be hostile and offensive. Moreover, her allegations imply

that a reasonable person would find this conduct to be hostile or offensive. Defendant cites several cases in which the Court of Appeals held various conduct to be sufficiently severe or pervasive, or not sufficiently severe or pervasive, and argues that the conduct in the present case resembles those falling into the latter category. (Doc. 23 at 10-11). All but one of these cases involved a review of a grant of summary judgment, which requires a different evaluation of the facts than does a motion to dismiss, where the Court merely assumes the allegations in the Complaint to be true. The remaining case, *Kapu v. Sears, Roebuck & Co.*, 2000 WL 2943339 (D. Haw. July 27, 2010), granted a motion to dismiss a hostile work environment claim where the plaintiff vaguely alleged "verbal abuse," that his supervisor threatened to fire him, he was deprived of an opportunity to obtain a bonus, his supervisor interfered with his interactions with customers, and his supervisor would page him while he was on his lunch break. 2000 WL 2943339, at *9. Plaintiff's allegations detail a continual series of harassment that belittled her, tarnished her professional reputation, and created a thoroughly adversarial work environment. The facts in *Kapu* do not resemble those in the present case.

Accordingly, Plaintiff has stated claims for a hostile work environment based on both age and sex, and Plaintiff has therefore stated claims for age discrimination under ADEA and for sex discrimination under Title VI (her second and third claims for relief, respectively).

### F.     Retaliation

Plaintiff's remaining claim (her first claim for relief) is for retaliation under Title VII and the ADEA. Plaintiff alleges that Defendant retaliated against her after she complained about Defendant's discrimination against her on the basis of her age and sex and about the hostile work environment. (Doc. 1 ¶ 145).

#### 1.     Legal Standard

The Court of Appeals applies the same standard in both ADEA and Title VII retaliation cases. *See Hashimoto v. Dalton*, 118 F.3d 671, 675 n.1 (9th Cir. 1997). A claim for retaliation under Title VII requires the plaintiff to prove (1) that she undertook a

1 protected activity, (2) her employer subjected her to an adverse employment action, and
2 (3) the adverse employment action would not have occurred but for her protected activity.
3 *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013); *Vasquez*, 349 F.3d
4 at 646. In the context of a retaliation claim, an adverse employment action is any action
5 that a reasonable employee would have found to be materially adverse, meaning "it might
6 have dissuaded a reasonable worker from making or supporting a charge of
7 discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). A
8 hostile work environment can constitute an adverse employment action for purposes of a
9 retaliation claim. *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000).

Additionally, the Court of Appeals has held that the necessary causal link between a protected activity and alleged retaliatory action "can be inferred from timing alone when there is a close proximity between the two." *Thomas v. City of Beaverton*, 379 F.3d 802, 812 (9th Cir. 2004) (citation and internal quotation marks omitted).

### 2. Analysis

Defendant argues that because Plaintiff only alleges the continuation of a hostile work environment, Plaintiff cannot show that any incidents constituted retaliation for Plaintiff's protected activities. (Doc. 23 at 14). But Plaintiff alleges a number of occurrences constituting a hostile work environment occurred shortly after she filed an EEO complaint. For example, she alleges she received an abusive e-mail concerning the fact that one of her subordinates addressed her as "Ms. Vroom" rather than "Pat." (Doc. 1 ¶ 118). She also alleges that she received an e-mail criticizing her telephone-handling skills. (*Id.* ¶ 122). These facts may ultimately prove insufficient to withstand summary judgment, but when taken to be true for the purpose of deciding Defendant's motion to dismiss, they constitute a hostile work environment causally linked by proximity in time to Plaintiff's filing of the EEO complaint. These allegations give rise to a reasonable inference that Plaintiff's filing of an EEO complaint caused Defendant to levy additional attacks on Plaintiff.

Defendant disputes the materiality of the alleged incidents, claiming that they were

mere slights that did not rise to the level of materiality necessary to constitute retaliation. (Doc. 32 at 7). For purposes of deciding the present motion to dismiss, the Court must assume Plaintiff's allegations to be true, and Plaintiff alleges facts that, if true, lead to an inference of causality between her filing of the EEO complaint and the actions taken against her. Accordingly, Plaintiff has stated a claim for retaliation under Title VII and the ADEA.[3]

## II.     Motion for Leave to File Surreply

Defendant attached to its reply in support of its motion to dismiss a portion of Plaintiff's 2012-2013 performance review. (Doc. 32 at 2). Plaintiff alleges this is misleading and moves to file a surreply containing the entire performance review. (Doc. 33). Because the Court will deny Defendant's motion to dismiss and the Court has not needed to consider Defendant's attachment to its reply, the Court will deny Plaintiff's motion.

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** denying Defendant's Motion to Dismiss (Doc. 23).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave of Court to File 2.5 Page Surreply (Doc. 33).

Dated this 3rd day of June, 2015.

James A. Teilborg
Senior United States District Judge

---

[3] The Court does not address Defendant's contentions regarding Plaintiff's expanded performance narrative, (Doc. 32 at 7), because Plaintiff states a claim for retaliation even when her allegations concerning this narrative are not taken into consideration.